UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| SHERRY LYNN GARTH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LFUCPD, *et al*., ) <br> ) <br> Defendants. ) <br> ) | Case No. 5:23-cv-00104-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

*** *** *** ***

Plaintiff Sherry Lynn Garth is a resident of Lexington, Kentucky. Proceeding without an attorney, Garth has filed a civil complaint [R. 1] and a motion for leave to proceed *in forma pauperis*. [R. 3.] The information contained in Garth's fee motion indicates that she lacks sufficient assets or income to pay the $350.00 filing fee, thus her motion will be granted. Because Garth is granted pauper status in this proceeding, the $52.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of the complaint filed by Garth because she has been granted pauper status. 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Garth's complaint seeks relief from 17 different Defendants, including the Lexington-Fayette Urban County Government Police Department, Dr. Nicholas Leverette (a chiropractor), Bank of America, former Fayette County Circuit Court Judge Pamela Goodwine, State Farm

Insurance Agency, CVC Community Ventures Corp., Guiseppi's Italian Restaurant, three chiropractic offices, two attorneys, a Life Insurance Policy, and Central Bank. [R. 1.] While the allegations of her complaint are not entirely clear, Garth appears to assert various claims related to allegations of "mortgage and deed theft," financial theft, insurance policy theft, insurance fraud, mail fraud, and general corruption. [R. 1.][1]

Garth's complaint will be dismissed upon initial review for multiple reasons. First, it is not apparent that this Court has subject matter jurisdiction over Garth's claim. As a federal court, this Court has limited jurisdiction, meaning the authority to decide only certain types of cases. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1676 (1994). A person seeking relief from the Court "must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 391 (6th Cir. 2016) (citation omitted); *see also* Fed. R. Civ. P. 8(a)(1) (requiring a pleading stating a claim for relief to include a "short and plain statement of the grounds for the court's jurisdiction").

While Garth checks a box on her complaint form indicating that this Court has jurisdiction because her complaint concerns a federal question, when asked to list the specific federal statutes, treaties, and/or provisions of the United States Constitution at issue, she writes "TBA." [R. 1 at 3.] Moreover, the factual allegations of her complaint do not allege any violation of federal statutory or constitutional law. Because Garth's complaint does not allege a violation of federal law, there is no federal question presented in Garth's complaint as is required for this Court to exercise jurisdiction under 28 U.S.C. § 1331.

---

[1] In the "Statement of Claim" section of her complaint, Garth refers to foreclosure proceedings in the Fayette County Circuit Court beginning in 2009, an FBI investigation in 2015, liens placed on a homeless shelter, a slip and fall in October 2015, a hit and run accident in September 2019, a life insurance policy, and "statewide corruption" in Lexington, Kentucky. [R. 1; R. 2.]

Moreover, even if Garth's complaint could be broadly construed to somehow invoke the federal constitution, it is clear from the face of her complaint that any such claims would be untimely. The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.") (citations omitted); *Franklin v. Fisher*, 2017 WL 4404624, at *2 (6th Cir. May 15, 2017) ("The district court properly dismissed Franklin's complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that almost all of her claims are barred by the applicable statute of limitations."); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

Claims seeking monetary relief for federal constitutional violations are brought pursuant to 42 U.S.C. § 1983. Kentucky's one-year statute of limitations, Ky. Rev. Stat. § 413.140(1)(a), applies to civil rights claims asserted under 42 U.S.C. § 1983. *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013). Thus, a § 1983 claim alleging a violation of constitutional law must be commenced within one year after the cause of action accrues. KRS § 413.140(1)(a). A cause of action accrues when the plaintiff becomes aware of the injury which forms the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States*

*v. Kubrick*, 444 U.S. 111, 122 (1979)).  Where the operative facts are not in dispute, the Court determines as a matter of law whether the statute of limitations has expired.  *Highland Park Ass'n of Businesses & Enterprises v. Abramson*, 91 F.3d 143 (Table) (6th Cir. 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir.1975)).  *See also Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007).

Garth's complaint specifically alleges that the events giving rise to her complaint occurred over an 11-year period from 2009-2020 and she does not allege any facts suggesting that she was not immediately made aware of her injuries. [R. 1-2 at 2.]  Even giving Garth every benefit of the doubt and assuming that her claims accrued on the very last day possible—December 31, 2020—the statute of limitations on these claims expired a year later, on December 31, 2021.  She did not file this complaint until March 30, 2023, approximately a year and three months too late.  Ky. Rev. Stat. § 413.140(1)(a).  Thus, any constitutional claim she has from the events alleged in her complaint is untimely.

For all of these reasons, Garth's complaint will be dismissed on initial screening pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly, it is **ORDERED** as follows:

1. Garth's motion to proceed in forma pauperis [R. 3] is **GRANTED**.

2. Garth's complaint [R. 1] is **DISMISSED**.

3. **JUDGMENT** shall be entered contemporaneously with this Order.

4. This action is **STRICKEN** from the Court's docket.

This 13th day of April, 2023.

Gregory F. Van Tatenhove
United States District Judge